IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRINITY CHEMICAL INDUSTRIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 16-CV-311-JED |
| ) | |
| CORNHUSKER ENERGY LEXINGTON, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

According to the Complaint, the plaintiff, Trinity Chemical Industries, LLC (Trinity) and the defendant, Cornhusker Energy Lexington, LLC (Cornhusker) entered into a Master Railcar Service Agreement (Master Agreement), pursuant to which Trinity was to lease railcars to Cornhusker. (Doc. 1 at 1-2, ¶¶ 3, 7). Trinity and Cornhusker also entered into Riders in which the parties agreed to add railcars to the lease. Pursuant to the Master Agreement and Riders, Cornhusker was required to pay monthly service charges, cleaning, repairs, and other expenses set for the railcars. (*Id*. at 3, ¶¶ 17-18). Trinity alleges that, "[o]n or about May 27, 2016, Cornhusker breached the Master Agreement and Riders by selling its assets and relinquishing control and abandoning the railcars to a third party thereby in effect assigning such railcars to a third-party without Trinity's written consent." (*Id*. at 3, ¶ 20). Trinity alleges that it incurred damages in the amount of $273,901.82 for monthly rents and cleaning and repair expenses. (*Id*. at 4, ¶ 24).

Cornhusker moves for dismissal under Fed. R. Civ. P. 12(b)(6), alleging that Trinity has failed to state a claim upon which relief can be granted. (Doc. 13). On a Rule 12(b)(6) motion, the Court must determine whether Trinity has stated a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-569 (2007). In making that determination, the Court

must accept all well-pleaded allegations of the Complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff.  *See id.* at 555.

The elements of a breach of contract under Oklahoma law are (1) formation of a contract, (2) breach thereof, and (3) damages suffered as a direct result of the breach. *See Digital Design Group, Inc. v. Information Builders Inc.*, 24 P.3d 834, 843 (Okla. 2001).[1] The Complaint identifies the contracts at issue, by title, date and description, and Trinity alleges that Cornhusker breached the contracts by abandoning the railcars to a third party, which resulted in damages being suffered by Trinity.  (*See* Doc. 1, ¶¶ 3, 8, 11, 14, 20, 21).  Those factual allegations state a plausible breach of contract claim under Oklahoma law.  Accordingly, Cornhusker's motion to dismiss (Doc. 13) is **denied**.

In its response to the dismissal motion, Trinity included a motion for leave to amend "[i]f the Court determines that there are any infirmities in the Complaint."  (Doc. 17 at 8).  Because the Court has determined that the Complaint states a plausible claim for breach of contract, the motion for leave to amend (Doc. 18) is **moot**.

SO ORDERED this 27th day of July, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1]  Both parties cite Oklahoma law as applicable to the contract dispute which is the subject of this diversity action.