# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| TRINITY CHEMICAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-CV-311-JED-JFJ |
| v. | ) |
| | ) |
| CORNHUSKER ENERGY LEXINGTON, LLC | ) |

## OPINION AND ORDER

**I. Background**

The plaintiff, Trinity Chemical Industries, LLC (Trinity) initiated this action against the defendant, Cornhusker Energy Lexington, LLC (Cornhusker) by Complaint filed on May 31, 2016. The Court granted Cornhusker's request to extend the time to answer or otherwise respond to the Complaint (Doc. 20), and Cornhusker subsequently filed a motion to dismiss for failure to state a claim. The Court denied the dismissal motion on July 27, 2017. (Doc. 28). Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Cornhusker was required to serve its answer within 14 days of the Court's denial of the dismissal motion. That deadline – August 10, 2017 – passed, and Cornhusker did not file any responsive pleading and failed to seek any extension of time to respond. In addition, before then, Cornhusker had ceased cooperating with Trinity's requests to coordinate discovery and case scheduling.

Trinity accordingly moved for default judgment as a sanction against Cornhusker for failing to cooperate in discovery (Doc. 27) and moved for a Clerk's entry of default under Fed. R. Civ. P. 55(a) (Doc. 30). In accordance with Fed. R. Civ. P. 55(a), the Clerk of Court entered default on August 29, 2017 upon a determination that Cornhusker "failed to plead or otherwise defend." (Doc. 31). The Court conducted a hearing on the motion for default as a sanction (Doc.

27). The following day, Trinity filed a Motion for Default Judgment under Rule 55(b) (Doc. 32). Cornhusker remains in default.

The facts underlying Trinity's breach of contract claim are set forth in the Complaint and the evidentiary submission made with Trinity's motion for default judgment. (Doc. 1, 32). Trinity and Cornhusker entered into a Master Railcar Service Agreement (Master Agreement) and three Riders to the Master Agreement, pursuant to which Trinity was to lease a total of 30 railcars to Cornhusker. Cornhusker was contractually required to pay monthly service charges for each railcar for certain terms. In addition to monthly service charges, Cornhusker was also responsible for cleaning and certain repair expenses for the leased railcars and for reimbursing Trinity for excess mileage, in-service freight charges, and other railroad charges.

On or about May 27, 2016, Cornhusker breached the Master Agreement and Riders by selling its assets and relinquishing control and abandoning the railcars to a third party, in effect assigning such railcars without Trinity's consent. The Master Agreement prohibits such assignments without Trinity's prior written consent. (*See* Doc. 32-2 at 6). Under the agreement, upon termination of the agreement for Cornhusker's breach of any obligations thereunder, Trinity was entitled to "declare the entire amount of the rent to become payable during the remainder of the term of [the agreement] to be due immediately, in which [Cornhusker] agree[d] to pay the same to [Trinity] on demand." (*Id.*).

Trinity alleges that it is entitled to a total of $551,146.73 in damages, consisting of accelerated and unpaid rents and expenses compensable under the Master Agreement. Trinity requests that the Court also award it interest under Article 2 of the Master Agreement, which it asserts is 18 percent per annum, for an amount of $111,437.34 through August 30, 2017 and continuing to accrue. (*See* Doc. 32-1 at 2, ¶ 7). With respect to interest, Article 2 provides:

"Payments not made within forty-five (45) days of invoice may, at [Trinity's] option, bear interest at the rate of 1% over the prime rate of interest quoted by Citibank N.A. per month on the unpaid balance (or such lesser interest rate as may be consistent with the law of the state of Customer's domicile) until the balance is paid." (Doc. 32-2 at 2).

## II.  Discussion

The Court has personal jurisdiction over the parties. Cornhusker did not challenge personal jurisdiction when it filed its motion to dismiss under Fed. R. Civ. P. 12(b)(6), such that any challenge to personal jurisdiction was waived. *See* Fed. R. Civ. P. 12(h)(1). The Court also has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332. At the time the Complaint was filed, Trinity was an Oklahoma limited liability company with its principal place of business located in Tulsa, Oklahoma, and Cornhusker was a Nevada company with its principal place of business located in Omaha, Nebraska. Trinity also sought an amount of damages that exceeded the requisite amount in controversy for diversity purposes. (*See* Doc. 1).

Cornhusker is plainly in default, as it did not file an answer to the Complaint or otherwise defend the suit, and Cornhusker also failed to cooperate with discovery. The Clerk previously entered default in accordance with Rule 55(a). Trinity's Complaint and evidentiary submission establish that Cornhusker breached the Master Agreement and Riders, and that Trinity has been damaged. Accordingly, Trinity is entitled to default judgment against Cornhusker under Fed. R. Civ. P. 55, and its Rule 55 motion will be granted.

The Court concludes that a hearing is necessary to determine the precise amount of damages to which Trinity is entitled. *See* Fed. R. Civ. P. 55(b)(2) (court may conduct hearings when necessary to determine the amount of damages); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("A court may enter a default judgment without a hearing only if the

amount claimed is a liquidated sum or one capable of mathematical calculation."). While Trinity has submitted an affidavit in support of a total amount of damages, the Court cannot determine from that total how the damages were calculated under the specific provisions of the agreements. Likewise, from Trinity's submission, it is unclear how Trinity arrived at its 18% interest calculation under the terms of Article 2 of the Master Agreement.

### III. Conclusion

For the foregoing reasons, Trinity's Rule 55 motion for default judgment (Doc. 32) is **granted**. Because Trinity's earlier motion for default judgment as a sanction (Doc. 27) seeks the same remedy, the Court determines that motion is **moot**. A hearing on the amount of damages to be awarded in the judgment will be held on **April 9, 2018 at 2:00 p.m.**

SO ORDERED this 27th day of March, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE